John F. Buckley, Appellee, v. City of Chicago, and Felton Wilburn, Defendants. City of Chicago, Appellant.

Gen. No. 46,205.

Opinion filed June 9, 1954. Released for publication July 2, 1954.

JOHN J. MORTIMER, Corporation Counsel of City of Chicago, for appellant; L. LOUIS KARTON, Head of Appeal and Review Division, and JOHN L. STEFFENS, Assistant Corporation Counsel, both of Chicago, of counsel.

MICHAEL J. THUMA, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant, City of Chicago, appeals from a judgment in the sum of $34,500 entered on the verdict of a jury in an action to recover damages for personal injuries resulting from a collision between two automobiles at the intersection of two streets. Motions for directed verdict, judgment notwithstanding the verdict and for a new trial were overruled.

The basic question presented is whether the failure of the City to maintain a stop sign at the intersection of a street designated by a city ordinance to be a "through street" was the proximate cause of the injuries here complained of.

January 13, 1937 an ordinance was passed by the Council of the City of Chicago designating 107th Street, an east and west street, as a "through street" between Cottage Grove Avenue on the east and Western Avenue on the west. Between these boundaries at all intersecting north and south streets the City installed stop signs. At the intersection of Throop Street stop signs were placed by the City at the southeast and northwest corners.

About 3:00 o'clock p. m. on August 6, 1950, plaintiff was driving his automobile west on 107th Street and the defendant Wilburn was proceeding north on Throop Street. While crossing 107th Street Wilburn's

40

automobile collided with plaintiff's automobile in the northeast portion of the intersection. At the time of the occurrence there was no stop sign at the southeast corner of the intersection nor had there been any for many months before.

Plaintiff's evidence tends to prove that at the time of the collision plaintiff's automobile was proceeding west on 107th Street five or six feet from the north curb at about fifteen or twenty miles an hour; that Wilburn drove north on Throop Street into the intersection at between forty and sixty miles an hour; and that when the collision occurred the pavement was dry and visibility good. Wilburn testified that prior to the collision he had never driven an automobile on Throop Street in this vicinity and that he did not know 107th Street was a through street.

The City argues that its failure to maintain a stop sign merely furnished a condition and that defendant's negligence alone caused plaintiff's injuries.

Under similar circumstances the proposition presented here has been decided contrary to the contention of the City in *Johnston v. City of East Moline,* 405 Ill. 460. At page 464 the court, adverting to *Neering v. Illinois Cent. R. Co.,* 383 Ill. 366, said:

"What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act."

In the present case the ordinance creating a through street and providing for stop signs at each

intersection was designed to protect travelers on intersecting and through streets from the danger of collision. In our view it was readily foreseeable that such a collision might happen because of the City's failure to maintain these stop signs on Throop Street.

In the recent case of Ney v. Yellow Cab Co., 2 Ill.2d 74, after citing with approval *Johnston v. City of East Moline,* and *Neering v. Illinois Cent. R. Co.,* the court in discussing questions of negligence, due care, and proximate cause, said at page 84:·

"Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality of issues such as negligence and proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body."

■ Under the circumstances shown by the evidence in this case we think the jury was warranted in finding that the absence of a stop sign at the intersection here involved constituted negligence and was the proximate cause of the accident.

■ The City contends that the court erred in refusing to grant its motion for a new trial. On direct examination plaintiff testified that he was married and had a child. The trial court sustained an objection to this testimony and instructed the jury to disregard it "as having no bearing on the issues." The record shows that one of plaintiff's witnesses, Boersma, while testifying referred to Mrs. Buckley, plaintiff's wife; that another witness called by plaintiff, one Napierkowski, on cross-examination spoke of plaintiff's wife and daughter; and that on direct examination plaintiff testified that after being injured, "my brothers-in-law would help me down the stairs by steadying me." So

far as the record shows no objection was made to the testimony of these witnesses. Since these witnesses testified, without objection, to plaintiff being married and having a child, we do not think that the jury could be prejudiced by plaintiff's testimony about the same matters, especially where, as here, the trial judge instructed the jury to disregard it. See *O'Brien v. Musfeldt*, 345 Ill. App. 12.

The record shows that plaintiff suffered severe injuries. The City does not question the amount of the verdict. From a careful examination of the record we think the cause was fairly tried and that the evidence is ample to justify the jury's finding.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

FEINBERG, P. J. and KILEY, J., concur.