227 So.2d 475 (1969)
Robert H. TUCKER
v.
CITY OF OKOLONA, Mississippi.
No. 45467.
Supreme Court of Mississippi.
October 27, 1969.
Patterson, King & Lee, Aberdeen, for appellant.
Charles H. McCraine, Jr., Houston, for appellee.
GILLESPIE, Presiding Justice.
Robert H. Tucker, plaintiff below and appellant here, sued the City of Okolona, defendant below and appellee here, to recover damages to his automobile. The trial court sustained a demurrer to the declaration and dismissed the case. Plaintiff appealed.
The question before this Court for decision is whether the maintenance by a municipality of an overhead traffic control light at a street intersection for the control of vehicular traffic is a governmental or a proprietary function. We hold that in maintaining such traffic control device the municipality acts in its proprietary capacity and is liable for damages sustained by a motorist as a result of negligence in the operation and maintenance of such traffic control light.
The following are the essential allegations of the declaration which are admitted by the demurrer. The flow of traffic at an intersection in the City of Okolona is controlled by a traffic control signal which is maintained by the defendant. The traffic light controls traffic by means of red, green and amber lights. As the plaintiff approached the intersection, driving his automobile, the traffic light was green and signaled plaintiff to proceed through the intersection. Plaintiff was driving in a careful and prudent manner in reliance upon a signal from the amber light before the light changed from green to red. Because the traffic signal light was out of repair, a fact known by defendant for a period of at least a week, the light changed suddenly and immediately from green to red without *476 any intervening amber warning light. As a result of the malfunction of the traffic control device plaintiff's autmobile collided with another vehicle that was entering the intersection from the intersecting street. The collision resulted in damages to plaintiff's automobile.
It is conceded by the parties that absent statutory provisions there can be no recovery against a municipality based on negligence in the exercise of functions which are essentially governmental in character; however, when acting in a private or proprietary capacity it is liable in tort the same as private corporations. In the maintenance and repair of streets, municipalities act in a proprietary or corporate capacity and may be held liable for the negligent performance of this function. Warren v. Town of Booneville, 151 Miss. 457, 118 So. 290 (1928). Abstract formulae for determining the character of municipal functions have been stated in former decisions, City of Pass Christian v. Fernandez, 100 Miss. 76, 56 So. 329, 39 L.R.A.,N.S., 649 (1911), but the expansion in number and variety of municipal services in recent years renders difficult a determination whether a particular function is governmental or proprietary in character. In this case the determination is aided by the decision of City of Vicksburg v. Harralson, 136 Miss. 872, 101 So. 713, 39 A.L.R. 777 (1924), where the municipality was held liable for negligently erecting and maintaining a "bumper" in the street for the purpose of slowing vehicular traffic and warning of a dangerous intersection. The "bumper" maintained in the Vicksburg case served the same purpose that the traffic control light served in the present case. The instant case cannot be distinguished in principle from the Vicksburg case. Moreover, it would be tenuous reasoning to say that the maintenance of the street under the traffic light is a proprietary function but the overhead traffic control device is a governmental function. There is some basis for arguing that the traffic light is merely a substitute policeman, but so was the "bumper" in the Vicksburg case. We are, therefore, of the opinion that the trial court erred in sustaining the demurrer. The judgment dismissing the case is reversed and the case is remanded for trial on the merits.
Reversed and remanded.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.