252 So.2d 891 (1971)
Richard W. WALL et al.
v.
CITY OF GULFPORT.
No. 46304.
Supreme Court of Mississippi.
October 4, 1971.
Bryant & Stennis, Gulfport, for appellant.
W. Rayford Jones, Gulfport, for appellee.
*892 INZER, Justice:
This is an appeal by Richard W. Wall, Martha D. Wall and Richard J. Wall from a judgment of the Circuit Court of Harrison County dismissing their suit against appellee, the City of Gulfport.
Appellants brought suit against Stephan M. Nelson, a minor, Harold W. Nelson and Thelma W. Nelson, parents of the minor, and the City of Gulfport seeking to recover damages for the wrongful death of Randy Wall, a minor. About 9:30 p.m. on October 31, 1969, Randy Wall was riding as a passenger in an automobile driven by his sister. The car was travelling south on Harrison Avenue and when it reached the intersection of Harrison Avenue and 47th Street, it was involved in a collision with an automobile driven by Stephan Nelson, which was proceeding east on 47th Street. Randy Wall was killed in the accident. For several years prior to August 17, 1969, a stop sign directing motorists driving east on 47th Street to stop before entering the intersection had been at the corner of 47th Street. This stop sign was blown away by Hurricane Camille on August 17, 1969, and had not been replaced at the time of the accident.
The declaration charged that Stephan Nelson was guilty of negligence in failing to keep a proper lookout, failing to keep his car under control, failing to yield the right of way to a vehicle in which the decedent was riding which had entered the intersection ahead of him, and driving his car at an excessive rate of speed. The declaration also charged that the City of Gulfport was guilty of negligence in failing to replace the stop sign at this intersection and that this negligence caused or was a proximate contributing cause to the death of Randy Wall.
A trial was had and after both sides had rested the trial court sustained a motion on behalf of the city for a peremptory instruction directing the jury to find for the city. Appellants then took a non-suit as to the other defendants and appealed as to the city. The only assignment of error is that the trial court was in error in directing the jury to find for the city.
The trial court was of the opinion that the city could not be held liable because the decision whether to replace the stop sign came within the police power of the city and was a governmental function rather than a proprietary function. The court *893 was also of the opinion that if there was a duty on the part of the city to replace the stop sign, the city was not liable under the facts of this case.
Appellants urge that the trial court was in error in holding the decision to replace the stop sign at this intersection was a governmental function, and the court was in error in holding the evidence did not present a jury issue. They cite and rely upon the case of Tucker v. City of Okolona, 227 So.2d 475 (Miss. 1969). The question involved in the Tucker case was whether the maintenance by the city of an overhead traffic control light at a street intersection for the control of vehicular traffic was a governmental function or a proprietary function. We held the trial court was in error in sustaining a demurrer to the declaration which charged that the plaintiff was driving in a careful and prudent manner in reliance upon the green light and entered the intersection on the green light. The traffic light was out of repair, a fact known to the city for a period of at least a week. The light suddenly and immediately changed from green to red, thus giving a green light to an oncoming vehicle resulting in a collision which damaged plaintiff's automobile. We held the maintenance of the traffic light was a proprietary function. However, there is a marked distinction between maintaining an overhead traffic light and the replacement of one that has been completely removed. The action of the city in having a defective light which showed green to both oncoming vehicles could render the street unsafe for persons using ordinary care for their own safety. However, the absence of any traffic control device at an intersection does not render the intersection unsafe for use by persons exercising ordinary care and caution for their own safety.
It is a well settled rule that the decision by a municipality whether to place traffic control devices at an intersection is a governmental function and a municipality cannot be held liable for failure to place traffic control devices at an intersection.
Our research reveals there are cases from other states which hold that where there is a city ordinance requiring the city to maintain stop signs at an intersection, the maintenance of such stop signs is a proprietary function and the city may be held liable for the failure to replace a stop sign at such intersection. Buckley v. City of Chicago, 3 Ill. App.2d 39, 120 N.E.2d 375 (1954); Grantham v. City of Topeka, 196 Kan. 393, 411 P.2d 634 (1966). The record in the case before us is silent as to whether there was any ordinance requiring the city to maintain stop signs at this intersection. We hold that in the absence of an ordinance requiring the city to maintain traffic control devices at an intersection, the decision of whether to replace a traffic control device at an intersection which has been completely removed is a governmental function and not a proprietary one.
We are also of the opinion the trial court was correct in holding the facts in this case did not present a jury issue as to the liability of the city. The proof is uncontradicted that the intersection in question was reasonably safe for use by persons exercising ordinary care and caution for their own safety. We are of the opinion this case falls within that category of cases wherein we have uniformly held the city is entitled to a peremptory instruction. The defective condition here was not created by the city, it was relatively insignificant or trivial, and it was easily discernible by persons using ordinary care and caution for their own safety. In fact, this intersection was no more dangerous or unsafe than any other intersection where there are no traffic control devices.
For the reasons stated, we are of the opinion that this case should be and it is affirmed.
Affirmed.
GILLESPIE, C.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.