JETHRO SMITH, Plaintiff-Appellee, *v.* GEORGE GODIN *et al.*, Defendants.—
(THE CITY OF EAST ST. LOUIS, Defendant-Appellant.)

Fifth District   No. 77-63

Opinion filed May 15, 1978.

Edward L. Welch, of Edwardsville, for appellant.

No brief filed for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, City of East St. Louis, appeals from a judgment rendered in favor of plaintiff, Jethro Smith, in the amount of $668.46 in a small-claims action. The judgment was based on the city's negligence in failing to maintain a stop sign at an intersection.

The suit arose from an auto accident in East St. Louis in which a car driven by Dianne Godin, and owned by her father, George Godin, struck a car driven by Jethro Smith. The Smith vehicle was being driven west on Broadway, a four-lane preferential highway, when it was struck in the rear by the Godin auto, which was in the process of making a right turn onto Broadway in a westerly direction. The Godin car was making the turn onto Broadway from Sixteenth Street, a two-lane street intersecting Broadway, on which traffic was ordinarily controlled by a stop sign at the intersection of Sixteenth and Broadway. At the time of the accident, however, the sign was down and only a bare pole was standing.

The Godins were also defendants in the suit but judgment was given in their favor against plaintiff Smith. The judgment order recited that "the court finds negligence on the part of the defendant, City of East St. Louis in the maintenance of traffic control devices and further finds that said negligence was the direct and proximate cause of the collision * * *." The court finds no further negligence or contributory negligence."

■■■ On appeal the city argues first that both drivers were negligent as a matter of law for failing to maintain a proper lookout and neither can therefore recover against the city. Both parties testified that they were traveling at a speed below the posted limit and were maintaining a lookout for other traffic but did not see the other vehicle until the impact. This evidence is not, without more, sufficient to establish negligence as a matter of law. The court's finding was not against the manifest weight of the evidence and we decline to reverse on this ground. *Oothoudt v. Woodard*, 132 Ill. App. 2d 203, 269 N.E.2d 511.

■■ The city also asserts that it had no statutory duty to maintain the stop sign, citing the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, pars. 1—101 through 10—101.) This statute, enacted in 1965, effectively abolishes the historical distinction between proprietary and governmental functions as the determining factor in establishing liability where persons claim injury at the hands of a local governmental entity. (*Deren v. City of Carbondale*, 13 Ill. App. 3d 473, 300 N.E.2d 590.) Sections 3—104(a) and 3—104(b) of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, pars. 3—104(a) and 3—104(b) provide:

> "(a) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-

way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating signs.

(b) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to provide traffic warning signals, signs, markings or other devices unless such a signal, sign, marking or device was necessary to warn of a condition which endangered the safe movement of traffic, and which would not be reasonably apparent to or anticipated by a person in the exercise of due care."

Defendant argues that since no mention is made in the statute of a duty to maintain traffic regulatory devices once they are installed that none exists. Defendant is mistaken. The case law is plain that once having elected to erect devices to guide, direct or illuminate traffic, a city then has a duty to maintain those devices in a condition conducive to the safe flow of traffic. *Johnston v. City of East Moline,* 405 Ill. 460, 91 N.E.2d 401; *Baran v. City of Chicago Heights,* 43 Ill. 2d 177, 251 N.E.2d 227; *Buckley v. City of Chicago,* 3 Ill. App. 2d 39, 120 N.E.2d 375; *Porter v. City of Decatur,* 16 Ill. App. 3d 1031, 307 N.E.2d 440; *Greene v. City of Chicago,* 48 Ill. App. 3d 502, 363 N.E.2d 378.

■■ Lastly, defendant maintains that the evidence was not sufficient to establish either actual or constructive notice on the part of the city that the sign was not up and that such notice is essential to holding the city liable. The city points out that there was no mention in the evidence of any period of time during which the sign was down and asserts that this void in the evidence negates any liability on the part of the city. With this assertion we disagree. It is true that there was no testimony bearing directly upon the matter of actual knowledge on the part of the city that the sign was down and that such knowledge was acquired at a sufficient time prior to the accident to afford it a reasonable opportunity in which to effect repairs. However, we find evidence was adduced that would support an inference that the sign was down and the intersection left unguarded from traffic southbound on Sixteenth Street for a time sufficient for the city to have knowledge thereof and to have a reasonable time to effect repairs. This evidence consists of the testimony of defendant Dianne Godin elicited in section 60 cross-examination (Ill. Rev. Stat. 1973, ch. 110, par. 60). She testified that she had been through the intersection in question two or three times in the six months prior to the collision in a car being driven by her father and she did not recall ever stopping at the intersection. Ms. Godin subsequently testified that on the two or three times she had ridden through the intersection with her father she did not observe any stop signs at the intersection.

We note also that although this is a small-claims action the plaintiff filed interrogatories on defendant which bore on the question of notice by the

city that the sign was down. The leave of court required for use of interrogatories in a small claims case by Supreme Court Rule 287 (Ill. Rev. Stat. 1973, ch. 110A, par. 287) was obtained when the court entered an order on defendant city compelling answers to the interrogatories. Despite such order, the interrogatories were never answered.

Upon this state of the record we have determined that there was sufficient basis for the trial court's determination and that its findings were not against the manifest weight of the evidence or contrary to law.

Affirmed.

EBERSPACHER, P. J., and G. MORAN, J., concur.