372 So.2d 253 (1979)
L.E. PARKS and Mrs. Frances Parks
v.
CITY OF LONG BEACH.
No. 51049.
Supreme Court of Mississippi.
March 28, 1979.
Neil W. White, Jr., Gulfport, for appellants.
Bryant & Stennis, Sue Esther Dulin, Larry L. Lenoir, Gulfport, for appellee.
Before PATTERSON, P.J., and BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Governmental immunity asserted by the City of Long Beach for allegedly installing a traffic light in such a location that it produced a traffic hazard is the chief feature of this case. Trial was in the Circuit Court of the Second Judicial District of Harrison County, which court directed a verdict exonerating the city. Plaintiffs (appellants herein) are L.E. Parks and Mrs. Frances Parks, whose son (Bobby) was killed by a train where a railroad and a city street cross each other in Long Beach, Mississippi. We affirm.
At the time of the fatal accident, Bobby was driving an automobile northerly in Long Beach on Cleveland Avenue at its intersection with the L & N Railroad tracks, when he was struck by the lead engine of a train. The train was operated by the L & N Railroad, originally a defendant herein (appellants non-suited as to L & N). Among other things, the appellants allege that the city was liable for its alleged negligence in maintaining a traffic light at the intersection just north of the L & N tracks in such a hazardous position as to present a constant danger to the general public.
MAY THE CITY OF LONG BEACH BE HELD LIABLE FOR HAVING INSTALLED A STOP LIGHT IN SUCH A LOCATION THAT IT PRODUCED A DANGEROUS CROSSING? Tucker v. City of Okolona, 227 So.2d 475 (Miss. 1969), relied upon by appellants, was not concerned with the location of a traffic control light but involved a defective or malfunctioning traffic control light. There we held that a municipality acts in a proprietary capacity and may be liable for damages sustained by motorists as a result of negligence in the operation and maintenance of a traffic control light, but there is no such negligence or traffic light defect or malfunction in the instant case. Wall v. City of Gulfport, 252 So.2d 891 (Miss. 1971), is a more recent case; in it, parents of the deceased, a minor, brought suit against the City of Gulfport for the death of their son. Their son, traveling south on Harrison Avenue, was killed in a collision with another automobile at the intersection of Harrison Avenue and 47th Street. For several years prior to the date of the accident, a stop sign directing motorists driving east on 47th Street to stop *254 before entering the intersection had been at the corner of 47th Street. This stop sign was blown away by Hurricane Camille and had not been replaced at the time of the accident. Relying on the doctrine of governmental immunity, the trial court in Wall exonerated the City of Gulfport, and we affirmed.
In the present case, on the facts presented, the decision to place the traffic signal at the intersection location in question was a discretionary matter within the police powers of Long Beach and, accordingly, the city is insulated from liability under the doctrine of governmental immunity. Mayor, Etc. of City of Vicksburg v. Harralson, 136 Miss. 872, 101 So. 713 (1924), is another case relied upon by appellants, but it is distinguishable on the facts and not controlling here. In Harralson, "the device called a `bumper' was purposely placed in the street to bump and injure persons traveling over it in automobiles, unless they saw it in time and slowed down... . [M]ost any driver ... would likely go over it without seeing it... .
"...
"... The method of injuring one person in order to prevent danger to another is wrong in principle... ." (Emphasis added). (136 Miss. at 882, 884; 101 So. at 714). Here, the facts were different: the traffic control light was neither designed nor calculated to injure one person to the detriment of another; it was neither defective, too low, nor malfunctioning but allegedly created a danger in that it enticed Bobby to drive in front of an oncoming train.
The dispositive issue being governmental immunity, which applies in favor of Long Beach, we do not reach the other questions.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.