**Larry BRYANT, Plaintiff-Appellant,**

v.

**JEFFERSON CITY, Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 25, 1985.

Permission to Appeal Denied by
Supreme Court Dec. 30, 1985.

J. Randall Shelton, Morristown, for plaintiff-appellant.

Robert H. Watson, Jr. and James R. Farrar of Watson & Emert, Knoxville, for defendant-appellee.

OPINION

FRANKS, Judge.

In this action for damages for personal injuries, allegedly caused by the failure of the city to properly maintain a stop sign, the trial judge held the two hour period between the city's receipt of notice and the occurrence of the accident "was not sufficient time under T.C.A., § 29–20–203(b), for the defendant to act in regard to the missing stop sign."

The pertinent facts are not in dispute. On January 4, 1982, at approximately 4:30 p.m., a stop sign at the intersection of South College Street and Russell Street was blown down. A security guard at Carson-Newman College called the Jefferson City police despatcher and advised of the occurrence. The despatcher attempted to call the department responsible for replacing stop signs, but the department routinely closes operations at 4:00 p.m.; the despatcher also attempted to reach a foreman with the department but was unsuccessful.

At approximately 6.30 p.m., on the same date, plaintiff's vehicle was in collision with another vehicle at the intersection. Plaintiff insists the accident was proximately caused by the lack of a proper traffic control device at the intersection.

This action was brought pursuant to T.C.A., § 29–20–203, which removes sovereign immunity for injuries due to unsafe highways maintained by municipalities, including traffic control devices. *Fretwell v. Chaffin*, 652 S.W.2d 755 (Tenn.1983).

■ A municipal corporation has a duty to maintain its streets in a reasonably safe condition and the discharge of this duty requires "exercise of ordinary care to keep ... streets in a reasonably safe condition for travel day and night in the customary modes by persons themselves exercis-

ing reasonable care." *Blackburn v. Dillon et al.*, 189 Tenn. 240, 225 S.W.2d 46 (1949); *Swain v. City of Nashville*, 170 Tenn. 99, 92 S.W.2d 405 (1936). In determining the liability of municipalities for dangerous conditions on public streets, ordinary principles of negligence apply. *Metropolitan Government of Nashville v. Counts*, 541 S.W.2d 133 (Tenn.1976). Although no Tennessee case has been called to our attention discussing a municipality's duty in the specific context of timely replacing traffic control devices, cases from other jurisdictions are instructive.

Courts generally hold that where a municipality has actual or constructive notice that a stop sign is down, the city's negligence in failing to restore the sign is determined by the issue of whether the city had a "reasonable time to effect repairs." *Smith v. Godin*, 61 Ill.App.3d 480, 18 Ill. Dec. 754, 378 N.E.2d 218 (1978). What constitutes a "reasonable time" to make repairs will vary according to the facts of each case. *Bowen v. Riverton City*, 656 P.2d 434 (Utah 1982).

In the instant case, the trial judge, in ruling against the plaintiff, stressed the fact that the defendant municipality was notified after maintenance employees had left for the day and that two futile attempts were made to contact maintenance personnel. The judge's decision on appeal is accompanied by "a presumption of correctness of the judgment below ... unless there is an error of law or unless the evidence is found ... to preponderate against the judgment." *Grisham v. Lowery*, 621 S.W.2d 745, 751 (Tenn.App.1981). While reasonable minds could differ as to whether the municipality was negligent, the evidence does not preponderate against the determination made by the trier of fact. T.R.A.P., Rule 13(d). Accordingly, the judgment of the trial judge is affirmed and the cause remanded at appellant's cost.

PARROTT, P.J., and WILLIAM S. RUSSELL, Special Judge, concur.