**Jeanine RICHARDS, Plaintiff and Respondent,**

v.

**Dennis Allen LEAVITT, Chemopharm Laboratories, Inc., a Utah corporation, and City of Woodland Hills, a Utah municipal corporation, Defendant and Appellant.**

**No. 19714.**

Supreme Court of Utah.

Nov. 1, 1985.

Rehearing Denied March 26, 1986.

Dennis C. Ferguson, Salt Lake City, for appellant.

Craig M. Snyder, Provo, for respondent.

PER CURIAM:

We granted the petition for interlocutory appeal brought by the defendant City of Woodland Hills (Woodland Hills) from an order of the trial court denying its motion to dismiss plaintiff's action against it on the ground that plaintiff had failed to comply with notice requirements of the governmental immunity act. We reverse the trial court's order.

Plaintiff was injured in a collision when her car, descending north on Woodland Hills Drive, entered the intersection of that street with Valley View Drive and broadsided defendant Leavitt's delivery truck going west on Valley View Drive. In her complaint, plaintiff alleged that Woodland Hills was negligent in allowing trees, shrubs, and other growth to obscure vision at the intersection and that it negligently failed to maintain the stop sign. Plaintiff claimed that safe and timely observation of approaching traffic at the intersection was obscured, thus preventing safe entry into the intersection, and that her collision with Leavitt's car was the direct and proximate result of Woodland Hills' negligence.

Woodland Hills moved to dismiss plaintiff's complaint against it for failure to file a written notice of claim with the city within one year after the cause of action arose. Plaintiff's complaint states that the injury occurred on or about July 17, 1981, and that notice of claim was served on Woodland Hills on March 26, 1983. The trial court denied the motion and stated in relevant part of its order as follows:

After receiving arguments from counsel and considering the pleadings on file herein, the Court finds as follows:

(1) The maintenance of traffic control devices on streets is not a "governmental function" as that term has been defined in the cases of *Thomas v. Clearfield City*, 642 P.2d 737 (Utah 1982); *Johnson v. Salt Lake City Corp.*, 629 P.2d 432 (Utah 1981); and *Standiford v. Salt Lake City Corp.*, 605 P.2d 1230 (Utah 1980).

(2) Because the acts and omissions complained of are not a "governmental function" the claims of plaintiff are not brought "under" the provisions of the Utah Governmental Immunity Act.

(3) Because the claims of plaintiff are not brought under the provisions of the Governmental Immunity Act notice provisions of the Act (§ 63–30–11 and § 63–30–13, U.C.A., 1953, as amended) do not apply to plaintiff's claims.

Having made these findings, it is hereby

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss of the defendant City of Woodland Hills, based upon an alleged failure by plaintiff to comply with the requirements of the Utah Governmental Immunity Act, is denied.

The sole issue presented in this interlocutory appeal is whether Woodland Hills' maintenance of a traffic control device at the intersection of two public highways is a "governmental function," and whether plaintiff was therefore required to file a notice of claim under the governmental immunity act.

Woodland Hills asks that we reverse the trial court's order in accordance with our holdings in *Sears v. Southworth*, Utah, 563 P.2d 192 (1977); *Niblock v. Salt Lake City*, 100 Utah 573, 111 P.2d 800 (1941); and *Hurley v. Town of Bingham*, 63 Utah 589, 228 P. 213 (1924), where we consistently found that the maintenance of public highways was a governmental, not a proprietary, function and therefore subject to the notice of claim requirements. We believe it unsound to revive a method of analysis only recently laid to rest. In *Standiford v. Salt Lake City Corp.*, Utah, 605 P.2d 1230 (1980), this Court abolished the traditional governmental-proprietary analysis in deciding governmental immunity cases and opted instead for greater congruity in decisions by determining henceforth "whether the activity under consideration is of such a

unique nature that it can only be performed by a governmental agency or that it is essential to the core of government activity." *Id.* at 1236–37. That definition is echoed in *Johnson v. Salt Lake City Corp.*, Utah, 629 P.2d 432 (1981); *Thomas v. Clearfield City*, Utah, 642 P.2d 737 (1982); *Madsen v. Borthick*, Utah, 658 P.2d 627 (1983); and *Dalton v. Salt Lake Suburban Sanitary District*, Utah, 676 P.2d 399 (1984).

The duty of a municipal corporation with respect to the maintenance and repair of traffic signs in this state is set out in 18 E. McQuillin, *The Law of Municipal Corporation* § 53.42 (3d ed. 1984):

> In those jurisdictions which have effectively abolished the historical distinction between proprietary and governmental functions as the determining factor in establishing liability in cases where persons claim injury at the hands of a local governmental entity, the rule is that once having elected to erect devices to guide, direct or illuminate traffic where no duty exists to do so, a municipality then has a duty to maintain those devices in a condition conducive to the safe flow of traffic and will be liable for its negligence in failing so to do.

U.C.A., 1953, § 63–30–3 (Supp.1983), states in relevant part:

> Except as may be otherwise provided in this act, all governmental entities are immune from suit for any injury which results from the exercise of a governmental function,
>
> ....

One of the exceptions to that statute is found in section 63–30–8:

> Immunity from suit of all governmental entities is waived for any injury caused by a defective, unsafe, or dangerous condition of any highway, road, street, alley, crosswalk, sidewalk, culvert, tunnel, bridge, viaduct, or other structure located thereon.

Inherent in the language of section 63–30–8 is the categorization of the maintenance of all public ways as a governmental function. *See also* U.C.A., 1953, § 41–6–17, *et seq.*

We believe that the activities prescribed and regulated in those statutes are of such a unique nature that they can only be performed by a governmental agency.

Plaintiff, however, contends that Woodland Hills' argument that the maintenance of public streets is a governmental function begs the question because ownership and control of the streets are the bases for exclusive maintenance, not the nature of the activity itself. In support it points to section 41–6–18 which preserves the right of real property owners to regulate traffic on their property. However, a close reading of that statute makes it plain that traffic upon private property is by permission only and not as a matter of right as on public streets, and thus that argument falls of its own weight.

As interpreted by recent case law, section 63–30–8 is dispositive here. In *Bowen v. Riverton City*, Utah, 656 P.2d 434 (1982), this Court was faced with a similar fact situation as the one now before us. We there held in reversing a summary judgment that the city had "a nondelegable duty to exercise due care in maintaining streets within its corporate boundaries in a reasonably safe condition for travel (citations omitted) and the city may be held liable for injuries proximately resulting from its failure to do so." *Id.* at 437. We cited section 41–6–22 and section 63–30–8 in support. In *Bigelow v. Ingersoll*, Utah, 618 P.2d 50 (1980), where the plaintiffs sued the governmental entity for the negligent design, construction, and maintenance of a traffic light which caused their injuries, the state argued that that activity involved a discretionary function excepted from the waiver of immunity under U.C.A., 1953, § 63–30–10(1). This Court supported the plaintiffs' posture that that section did not modify the waiver of immunity governed by section 63–30–8 and that the activity complained of did not involve decisions made at the "basic plan-making level" so as to render the state immune from suit. Where the governmental entity waives its immunity from suit, the notice requirements of the governmental immunity act

come into play. Sections 63–30–11, –12 and –13. Expressly stated in the recent ruling from this Court that claims based on non-governmental functions are not subject to the notice requirements of the act is the concession that actions brought under sections 63–30–8 and 10 are considered governmental in nature and therefore subject to the requirement. *Dalton v. Salt Lake Suburban Sanitary District, supra.*

The rules set out in *McQuillin, supra,* and recent Utah case law involving similar facts to those before us support our holding here that the maintenance and repair of traffic signs is a governmental function for which immunity from suit has been expressly waived and which is not within the discretionary function exception. This holding is also consistent with decisions in a great majority of those other jurisdictions that have abolished the traditional proprietary-governmental analysis, irrespective of whether their analyses are based on specific statutory provisions or the broader exceptions to discretionary function exceptions like those found in section 63–30–10 of the Utah Act. *See, e.g., Stephens v. City and County of Denver,* Colo., 659 P.2d 666 (1983); *Fretwell v. Chaffin,* Tenn., 652 S.W.2d 755 (1983); *Blackburn v. State,* 98 N.M. 34, 644 P.2d 548 (1982); *Crucil v. Carson City,* 95 Nev. 583, 600 P.2d 216 (1979); *Wallace v. Nationwide Mutual Fire Insurance Co.,* Fla.App., 376 So.2d 39 (1979); *Smith v. Godin,* 61 Ill. App.3d 480, 18 Ill.Dec. 754, 378 N.E.2d 218 (1978).

We conclude that the maintenance of traffic control devices on streets is a "governmental function" as that term has been defined in *Standiford* and its progeny, *supra.* As the claim made by the plaintiff must be considered under waiver from immunity statutes, her claim is brought under the provisions of the governmental immunity act. As such the notice of claim requirements contained in U.C.A., § 63–30–13, are mandated, and her failure to comply with that provision bars her claim against Woodland Hills. *Madsen v. Borthick, supra. Yates v. Family Health Center,* Utah, 617 P.2d 352 (1980).

The order of the trial court is reversed and plaintiff's action against Woodland Hills is dismissed with prejudice.