## METROPOLITAN FINANCE CO., Plaintiff and Appellant,

v.

## The STATE of Utah, The State Tax Commission of Utah, and John Does 1 through 25, Defendants and Respondents.

### No. 19291.

### Supreme Court of Utah.

### Jan. 15, 1986.

Boyd M. Fullmer, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Mark K. Buchi, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff appeals from a summary judgment below dismissing plaintiff's complaint against the Utah State Tax Commission. The lower court ruled that plaintiff's claims were barred by governmental immunity under sections 63–30–3 and 63–30–10(1)(c), (f).[1] We affirm.

The Motor Vehicle Division of the State Tax Commission issued an automobile certificate of title to a Mr. Melby in November 1974. Later, a duplicate certificate of title was issued in 1975 to Melby as the automobile owner. In June 1978, a Mr. Stephen Gibbs presented the original title certificate and the automobile to plaintiff for the purpose of obtaining a $15,000 loan. Gibbs purported to give plaintiff a lien in the automobile as security for the loan's repayment. After Gibbs presented the original Melby title to the state's Motor Vehicle Division and obtained a new certificate of title showing Gibbs as the owner and plain-

---

1. All statutory references are to U.C.A., 1953, as amended (Supp.1985), unless otherwise provided.

tiff as a lien holder, plaintiff loaned Gibbs the money.

When Gibbs did not repay the loan, plaintiff obtained a judgment against him. When plaintiff was unable to satisfy its judgment against the vehicle or Gibbs, it concluded that Gibbs had been erroneously issued his title certificate by defendants based upon the original 1974 certificate and not the 1975 duplicate. § 41–1–56.

In this action, plaintiff claims that the State Tax Commission and its employees negligently failed to advise plaintiff that a duplicate title had been issued and improperly issued to Gibbs the title certificate upon which plaintiff relied in making its loan. In skeletal allegations, plaintiff further asserted that Tax Commission employees conspired to defraud plaintiff of its funds by the improper issuance of a title certificate to Gibbs. Because we view the facts in a light most favorable to plaintiff, we assume that the allegations in the complaint and affidavits are true. *Themy v. Seagull Enterprises, Inc.*, Utah, 595 P.2d 526 (1979).

Plaintiff raises two arguments on appeal to breach the barrier of governmental immunity, claiming that defendants' issuance of motor vehicle titles and record-keeping responsibilities are not governmental functions and have no immunity under section 63–30–3. If the department's functions are considered governmental, then plaintiff argues that immunity is waived by section 63–30–10 for defendants' negligent failure to advise plaintiff of the issuance of the duplicate certificate.

To determine whether defendants' activities are a governmental function, we consider whether these activities are of such a "unique nature that [they] can only be performed by a governmental agency or ... [are] essential to the core of governmental activity." *Standiford v. Salt Lake City Corp.*, Utah, 605 P.2d 1230, 1236–37 (1980). We recently held that the maintenance and regulation of vehicular traffic on public streets and highways are nondelegable governmental functions of such a unique nature that they can only be performed by

government. *Richards v. Leavitt*, Utah, 716 P.2d 276 (1985); *cf. Bowen v. Riverton City*, Utah, 656 P.2d 434, 437 (1982).

The licensing of motor vehicles for operation on public roads and the maintenance of public records of title and ownership are mandated by our legislature. §§ 41–1–1 to –17, as amended. The licensing and registration required under the Utah Motor Vehicle Act (§§ 41–1–1 to –166, as amended) have been determined by the legislature to be essential to the administration and enforcement of all public safety laws regarding the ownership and safe use of vehicles on our public streets and highways. 1935 Utah Laws ch. 46; § 41–1–2. The very nature of these activities requires pervasive governmental control and can only be performed by the governmental agencies charged with the responsibility therefor. They cannot be delegated or left to competitive, private enterprise. *See Madsen v. Borthick*, Utah, 658 P.2d 627, 631 (1983). The lower court properly held that defendants' activities constitute governmental functions immune from liability under section 63–30–3.

Plaintiff claims that even though defendants are immune under section 63–30–3, immunity has been waived under section 63–30–10 for the negligent issuance of a new title certificate to Gibbs and the failure to advise plaintiff of the existence of a duplicate title certificate. We need only observe that the statutory waiver of immunity for negligence does not apply when plaintiff's alleged injury arises out of the issuance of title certificates or the misrepresentations or omissions of defendants' employees.

Immunity from suit ... is waived for injury proximately caused by a negligent act or omission of an employee ... *except* if the injury:

....

(c) arises out of the issuance, denial, suspension or revocation of ... any permit, license, certificate, approval, order, or similar authorization; or

....

(f) arises out of a misrepresentation by the employee whether or not it is negligent or intentional; . . . .

§ 63–30–10(1)(c), (f) (emphasis added). Plaintiff's allegations of negligence and conspiracy are clearly circumscribed within these two statutory exceptions to any immunity waiver.

Therefore, even assuming that the facts alleged by plaintiff are true, the Governmental Immunity Act does not waive immunity from suit for the negligent or intentional performance by defendants of these governmental functions. The summary judgment against plaintiff is affirmed.