Because I believe that the majority misperceives the thrust of appellant's claim and, therefore, reaches the wrong result, I dissent. In short, this is not a claim about traffic devices at all. It is a claim concerning the failure to warn of a dangerous condition created and maintained by the city in the exercise of its governmental function. It follows that summary judgment was inappropriately granted and should be reversed.
In its motion for summary judgment, the city quoted King's answer to an interrogatory as to the nature of the city's negligence as follows:
 The plaintiff contends that the City of Jackson was negligent in the following respects: (1) failing to properly warn approaching motorists of the dangerous curve; (2) failing to provide adequate lighting in the area of the dangerous curve; (4) failing to provide an adequate shoulder at the site of the dangerous curve; (5) failing to warn approaching motorists of the open concrete ditch; (6) failing to provide adequate guards to prevent vehicles from driving into the open concrete ditch; (7) failing to provide adequate lighting at the site of the concrete ditch.
From this platform the city leaped to our case law dealing with the question of whether the installation of a traffic control device is a matter of governmental discretion, the exercise of which is immunized from liability. Wall v. City of Gulfport,252 So.2d 891 (Miss. 1971); Nathaniel v. City of Moss Point,385 So.2d 599 (Miss. 1980). To my mind, not a single alleged instance of negligence necessarily involves a traffic control device. Put simply, the fact that traffic control devices promote safety on the streets does not mean that every safety measure required in the exercise of reasonable care is a traffic device. Additionally, while Wall held that the decision to place a stop sign is governmental, that decision also turned on the court's conclusion that there was no evidence that the intersection in question was unreasonably dangerous without a stop sign. 252 So.2d at 891. The Nathaniel Court declined to address whether the failure to replace a stop sign was governmental or proprietary and instead rendered judgment based on a conclusion that absence of a stop sign bore no causal relationship to the accident. 385 So.2d at 603. Reliance on these cases by the city and the majority is misplaced.
Clearly, the city is amenable to liability in the exercise of its proprietary functions. Thomas v. Hilburn, 654 So.2d 898
(Miss. 1995); City of Vicksburg v. Harralson, 136 Miss. 872, 101 So. 713 (1924). The design, construction and maintenance of streets and ditches are clearly proprietary functions. Thomas,
654 So.2d at 901; White v. City of Tupelo, 462 So.2d 707, 708-709 (Miss. 1985). Where, in the exercise of this function, the city creates an unreasonably dangerous condition, its duty to correct or, in the very least, adequately warn is no different from that of any other citizen. Tucker v. City of Okolona,227 So.2d 475 (Miss. 1969). Whether it chooses to meet this duty through the use of "traffic control devices" or in some other manner — better lighting, adequate shoulders or guardrails as suggested by the plaintiff, for example — is of no moment.
Besides its contentions concerning the lack of a duty to erect "traffic control" devices, the city produced an affidavit to the effect that the existing traffic control devices comported with engineering standards and that the accident would not have occurred but for the negligence of the driver. There was no counter affidavit. The trial court issued no opinion, however, and it is, therefore, not possible to determine whether this affidavit was relied upon in any manner. It should suffice to say that the affidavit does not entitle the city to judgment. Compliance with engineering standards for traffic control does not necessarily equate to reasonable care under the circumstances and the issue of driver negligence would be considered by a jury, if necessary, under our joint-and-several liability doctrine. D W Jones, Inc. v. Collier, 372 So.2d 288, 294 (Miss. 1979) (Where the negligence of more than one *Page 1318 
actor contributes to the cause of the injury, they are jointly and severally liable to the injured.); Miss. Code Ann. § 85-5-7
(1991).
For the foregoing reasons the grant of summary judgment by the circuit court should be reversed and this matter should be remanded to that court for further proceedings.
SULLIVAN, PITTMAN and McRAE, JJ., join this opinion.