# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 92-CA-00802-SCT

*JIMMY LOVETT*

*v.*

*ROGER BRADFORD*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/01/92 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID A. BARFIELD |
| ATTORNEY FOR APPELLEE: | HUGH W. TEDDER JR. |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 5/30/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/20/96 |

**BEFORE PRATHER, P.J., ROBERTS AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. INTRODUCTION

¶1. Roger Bradford (Bradford) filed suit against his independent insurance agent (Lovett), alleging that his agent negligently completed his application to Aegis Security Insurance Company for fire insurance on his mobile home. One of the questions on Bradford's application asked whether he had sustained a fire loss within the last five years. Bradford testified that he gave the following answer, "Well, I told Mr. Lovett that I had a farm [sic], that I thought it's been over five years. I wasn't sure on it." Lovett testified that Bradford told him he had not had a fire loss. Lovett marked "no" in response to this question; the application was clearly marked "If yes, do not submit." After the application was completed, Bradford reviewed it and signed it.

¶2. In fact, Bradford had received over $41,000 in fire insurance proceeds some 4½ years previously. Lovett had no personal knowledge that Bradford had ever had a previous fire loss. According to Lovett, if Bradford had told him of the previous fire loss, then he would have needed further information on the fire before processing Bradford's application.

¶3. Thereafter, on February 6, 1991, Bradford's home was completely destroyed by fire. The parties stipulated that the losses exceeded the amount of policy coverage.

¶4. The parties also stipulated to the following: (a) Bradford had mortgaged his mobile home with the Bank of Morton; (b) the insurance company paid the bank $16,539.28 on Bradford's mortgage, but denied Bradford further proceeds because the company contended that Bradford made a misrepresentation on his application for insurance; (c) the policy was for $28,000 in coverage, and Bradford had received the benefit of $16,539.28 of this coverage; and (d) "the total amount of insurance proceeds which the Aegis Security Insurance Company denied Bradford was $11,460.72."

¶5. Bradford testified that, if he had known that his fire loss would not be covered, he would have attempted to get other insurance. However, Lovett testified that, if Bradford had disclosed the previous fire, then none of the insurance companies for which Lovett worked would have accepted Bradford's application. Lovett did not know whether Bradford could have obtained insurance elsewhere.

¶6. A jury returned a verdict against Lovett, the insurance agent, in the amount of $11,460.72. On appeal, Lovett raises the following issues:

**A. WHETHER THERE WAS EVIDENCE ESTABLISHING THE APPROPRIATE STANDARD OF CARE AND EVIDENCE THAT LOVETT VIOLATED OR BREACHED THE APPROPRIATE STANDARD OF CARE?**

**B. WHETHER, ASSUMING, ARGUENDO, THAT A STANDARD OF CARE AND BREACH THEREOF WERE ESTABLISHED, THERE WAS EVIDENCE THAT SUCH NEGLIGENCE PROXIMATELY CAUSED BRADFORD'S DAMAGES?**

**C. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT LOVETT'S MOTION FOR DIRECTED VERDICT AND, SUBSEQUENTLY ERRED IN NOT GRANTING LOVETT'S PEREMPTORY JURY INSTRUCTION D-1?**

**D. WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?**

**E. WHETHER, ALTERNATIVELY, THE TRIAL COURT ERRED IN REFUSING TO GIVE LOVETT'S JURY INSTRUCTION D-11?**

## II. LEGAL ANALYSIS

**A. WHETHER THERE WAS EVIDENCE ESTABLISHING THE APPROPRIATE STANDARD OF CARE AND EVIDENCE THAT LOVETT VIOLATED OR BREACHED THE APPROPRIATE STANDARD OF CARE?**

¶7. Lovett's first argument is that, because insurance agents are licensed professionals with specialized training, this case is a professional malpractice action. As such, Lovett contends that expert testimony was necessary to establish the standard of care that an insurance agent owes to his client. Indeed, "[e]xpert testimony is required 'to support an action for malpractice of a professional man in those situations where special skills, knowledge, experience, learning or the like are required.'" *Wirtz v. Switzer*, 586 So. 2d 775, 780 (Miss. 1991) (involving accounting profession) (citations omitted); *Flight Lines, Inc. v. Tanksley*, 608 So. 2d 1149, 1160 (Miss. 1992) (involving aviation profession); *Hickox by and through Hickox v. Holleman*, 502 So. 2d 626, 635 (Miss. 1987) (involving legal profession); *Dean v. Conn*, 419 So. 2d 148, 150 (Miss. 1982) (involving legal profession).

¶8. However, this Court has not held that insurance salesmen belong to such a profession. In addition, there is no evidence that "special skills, knowledge, experience, learning or the like" were required in this case. *See Wirtz*, 586 So. 2d at 780. Therefore, regardless of whether expert testimony should be required in most cases against insurance agents, this does not appear to be a case that involves underwriting or actuarial tables or anything so complicated as to necessitate the testimony of an expert witness. Rather this is a negligence case based on Bradford and Lovett's discussion of Bradford's application for insurance -- a matter that a layman can understand based on common sense and practical experience. *See Palmer v. Anderson Infirmary Benev. Ass'n*, 656 So. 2d 790, 795 (Miss. 1995); *see also* M.R.E. 702. Therefore, expert testimony was not necessary to establish the standard of care in this case.

## B. WHETHER, ASSUMING, ARGUENDO, THAT A STANDARD OF CARE AND BREACH THEREOF WERE ESTABLISHED, THERE WAS EVIDENCE THAT SUCH NEGLIGENCE PROXIMATELY CAUSED BRADFORD'S DAMAGES?

## C. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT LOVETT'S MOTION FOR DIRECTED VERDICT AND, SUBSEQUENTLY ERRED IN NOT GRANTING LOVETT'S PEREMPTORY JURY INSTRUCTION D-1?

¶9. Lovett next challenges the sufficiency of the evidence. The standard of review in such cases is well-settled.

> [T]his Court should
>
> consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, [we are] required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.

*Leaf River Forest Products, Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995) (citations omitted).

¶10. In order to prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate causation, and injury. *See Palmer*, 656 So. 2d at 794. Lovett contends that he owed no duty to Bradford and that, even if Lovett did breach a duty to Bradford, that Bradford was not harmed. That is, Lovett contends that Bradford did not prove that he would have been able to get insurance elsewhere.

### 1. Duty/Breach of Duty

¶11. "An insurance agent owes a duty to his principal to procure insurance policies with reasonable diligence and good faith. The duty owed is to provide the level of skill in procuring insurance reasonably expected of one in that profession." *Taylor Machine Works, Inc. v. Great American Surplus Lines Insurance Co.*, 635 So. 2d 1357, 1362 (Miss. 1994).

¶12. The jury could have believed that, in his haste to collect a premium, Lovett did not exercise reasonable

diligence in investigating Bradford's statement on previous fire loss. There is substantial evidence that Bradford disclosed the fire to Lovett. Lovett admitted that, if Bradford had made the statements which he claimed he made, then he would have needed to have done further investigation. Therefore, Lovett's argument with regard to this issue is without merit.

### 2. Causation/Proximate Cause

¶13. Lovett's next argument is that, even if he breached a duty to Bradford, Bradford has not proven that he would have been able to have obtained insurance elsewhere. However, Bradford testified that, if he had known he was uninsured, he would have continued searching for insurance. Lovett testified that none of the other carriers for whom he worked would have insured Bradford, due to the previous fire losses. Lovett did not know whether Bradford could have obtained insurance elsewhere. The jury could have reasonably inferred that, had Bradford continued to look, he could have found insurance elsewhere.

## D. WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?

¶14. Lovett also contends that the verdict was against the overwhelming weight of the evidence. Whether the trial judge should have granted a new trial on this basis was within his discretion. ***American Fire Protection, Inc. v. Lewis***, 653 So. 2d 1387, 1390 (Miss. 1995). " . . . [A]bsent an abuse of discretion, this Court is 'without power to disturb such a determination.'" ***Id.*** (citations omitted). Based on the analysis above, it does not appear that the trial judge abused his discretion by denying Lovett's motion for a new trial. Therefore, this argument is without merit.

## E. WHETHER, ALTERNATIVELY, THE TRIAL COURT ERRED IN REFUSING TO GIVE LOVETT'S JURY INSTRUCTION D-11?

¶15. Lovett's final contention is that the following, proposed jury instruction D-11, should have been given:

> For Roger Bradford to prevail, he must prove by a preponderance of the evidence that, considering that he had had a fire within the last five years, he could have obtained fire insurance from another insurance company. If you find that Roger Bradford has failed to prove that he could have obtained fire insurance from another company, considering that he had had a fire within the last five years, then any negligence on the part of Jimmy Lovett was not proximate cause of any damages allegedly sustained by Roger Bradford; therefore, you must find for Roger Bradford.

¶**16.** The standard for reviewing jury instructions is as follows:

> On appeal, this Court does not review jury instructions in isolation; rather, they are read as a whole to determine if the jury was properly instructed. Accordingly, defects in specific instructions do not require reversal "where all instructions taken as a whole fairly -- although not perfectly -- announce the applicable primary rules of law." However, if those instructions do not fairly or adequately instruct the jury, this Court can and will reverse.

***Peoples Bank and Trust Company v. Cermack***, 658 So. 2d 1352, 1356 (Miss. 1995) (citations omitted).

¶17. The record reflects that the jury was properly instructed with regard to the elements of negligence and

with regard to foreseeability in relation to proximate cause. Therefore, this instruction was not required. *See Id.*

### III. CONCLUSION

¶18. The issues raised by Lovett on appeal are without merit, and the judgment of the trial court is affirmed.

¶19. **JUDGMENT IS AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE AND MILLS, JJ., CONCUR IN RESULT ONLY.**