Mary Beth King was a passenger in a vehicle proceeding around a dangerous curve on Colonial Circle in Jackson, Mississippi. The vehicle left the roadway, and ran into an open concrete ditch. As a result of this accident, Mary Beth King received fatal injuries. Francis King, individually and on behalf of Mary Beth King's Estate, sued the City of Jackson, asserting that the City had a duty to warn of this dangerous curve, but did not meet its duty to provide an adequate warning. Further, during the preceding eighteen months, there were no less than six previous accidents at this site. The Circuit Court of the First Judicial District of Hinds County granted summary judgment for the City of Jackson on the basis of sovereign immunity. King has appealed.
 LAW
Two issues confront us on this appeal: whether the placement of warning signs on this dangerous portion of the street was a proprietary or governmental function; and if the latter, whether sovereign immunity applies to the City.
 Whether a city function is proprietary or governmental is a matter of public policy. [T]his court is committed to the doctrine that the public policy of the state must be found in its constitution and statutes, and when they have not directly spoken, then in the decisions of the courts and the constant practice of the government officials.
Anderson v. Jackson Municipal Airport Authority,419 So.2d 1010, 1023 (Miss. 1982), quoting Cappaert v. Junker,413 So.2d 378, 380 (Miss. 1982).
Decisions of this Court have declared that as a matter of public policy the decision of a city whether to place traffic or warning signs is a governmental function, not proprietary.Nathaniel v. City of Moss Point, 385 So.2d 599, 601 (Miss. 1980); Wall v. City of Gulfport, 252 So.2d 891, 893 (Miss. 1971).
Since the action of the City in placement of the warning signs was a governmental function, the remaining question is whether the defense of sovereign immunity is applicable. Finding the City is entitled to sovereign immunity, we affirm. Presley v.Mississippi State Highway Comm., 608 So.2d 1288, 1291 (Miss. 1992); Coplin v. Francis, 631 So.2d 752, 755 (Miss. 1994);Robinson v. Stewart, 655 So.2d 866, 867 (Miss. 1995).
AFFIRMED.
DAN M. LEE and PRATHER, P.JJ., and ROBERTS and SMITH, JJ., concur. *Page 1317 
BANKS, J., dissents with separate written opinion joined by SULLIVAN, PITTMAN and McRAE, JJ.
McRAE, J., dissents with separate written opinion joined in part by BANKS, J.