IN THE SUPREME COURT OF MISSISSIPPI
NO. 1998-IA-01454-SCT

*LEFLORE COUNTY, MISSISSIPPI, PHIL WOLFE, ROBERT MOORE, WILLIAM STEWART, ALIX H. SANDERS, JAMES N. HOOPER, JR., IN THEIR CAPACITY AS SUPERVISORS; AND THE LEFLORE COUNTY BOARD OF SUPERVISORS, INDIVIDUALLY*

*v.*

*BOB GIVENS, AS FATHER AND NEXT FRIEND OF KIMBERLY GIVENS AND L. M. GREEN, III, AS FATHER AND NEXT FRIEND OF LESLIE KATHY GREEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/1998 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MITCHELL COWAN |
| | JOSEPH STROBLE |
| | WILLIE PERKINS |
| ATTORNEYS FOR APPELLEES: | MARC BIGGERS |
| | PAUL GOODMAN |
| | J.L. WILSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 01/27/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/17/2000 |

## BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.

## SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This case comes on interlocutory appeal after the denial of a motion for summary judgment. The Appellees ("plaintiffs") filed an action against Leflore County, Mississippi ("county") for injuries sustained by their children in a single vehicle accident on August 27, 1994 after their car left State Aid Road 515, also known as Itta Bena-Schlater Road, at a curve. Four people were in the car, Page Givens and Leslie Green, the plaintiffs in this case; Michael Davidson who was killed as a result of the accident; and Douglas Chismond a passenger who apparently was asleep at the time of the accident. The plaintiffs claimed that the county was negligent in its failure to warn of the danger at the curve because there were no advisory speed limits, warning signs or other devices at the curve where the accident occurred. A Notice of Claim was filed in an attempt to comply with the notice requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §

11-46-11 on August 21, 1995, and the plaintiffs filed suit on August 24, 1995. After answering the complaint and conducting discovery, the county filed a motion for summary judgment on March 18, 1998. The circuit court denied the motion for summary judgment and set the matter for a bench trial to begin on November 5, 1998. The county filed a Motion for Certification of Interlocutory Appeal in the circuit court seeking that court's permission to appeal the denial of summary judgment to this Court, which was denied by the circuit court on September 24, 1998. This Court on its own motion stayed the proceedings of the lower court pending its disposition of the Petition for Certification of Interlocutory Appeal. The circuit court issued an order on October 20, 1998, continuing the case pending this Court's disposition of the Petition for Interlocutory Appeal. We granted the petition for interlocutory appeal on November 20, 1998. An order denying an emergency motion to suspend the rules and vacate stay on the part of the plaintiffs was entered on October 22, 1998. The county filed its Notice of Appeal in the instant case pending before this Court on December 2, 1998.

## STANDARD OF REVIEW

¶2. For a summary judgment motion to be granted there must exist no genuine issues of material fact and the moving party must be entitled to judgment as a matter of law. Miss. R. Civ. P. 56(c). This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt. *Quinn v. Mississippi State Univ.*, 720 So.2d 843, 846 (Miss. 1998) (collecting authorities).

## STATEMENT OF THE LAW

### 1. WHETHER THE PLAINTIFFS' CLAIMS ARE BARRED BY THE MISSISSIPPI TORT CLAIMS ACT BECAUSE LEFLORE COUNTY IS IMMUNE FOR DISCRETIONARY, GOVERNMENTAL ACTS.

¶3. The plaintiffs allege that the curve was designed and maintained in a dangerous and defective manner, that the county knew of the dangerous condition, but failed to take steps to correct such a condition despite the fact that they knew or should have known of numerous accidents occurring at this curve, and that the county had failed to place adequate warning signs before the curve. The plaintiffs further argue that Miss. Code Ann. § 63-3-305 (1996) places a statutory duty on the county to place and maintain traffic control devices as are deemed necessary:

> Local authorities in their respective jurisdictions shall place and maintain such traffic control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this chapter or provisions of local traffic ordinances or to regulate, warn, or guide traffic. All such traffic-control devices hereafter erected shall conform to the state manual and specifications. Local authorities in exercising those functions referred to in the preceding paragraph shall be subject to the direction and control of the state highway commission.

. . . . .

Miss. Code Ann. §  63-3-305 (1996).

¶4. The plaintiffs contend that the wording of Miss. Code Ann. § 63-3-305 mandates the placement of such warnings, that this statutory duty requires the exercise of ordinary care, and that the county did not use due care in the exercise of its discretion to warn of a known dangerous condition. The plaintiffs argue that Leflore County should have posted a warning sign to advise motorists to limit their speed through the curve and should have placed chevrons (reflectors) and or guard rails along the curve.

¶5. The county argues that it is immune from suit based on several provisions of § 11-46-9 of the Mississippi Tort Claims Act ("MTCA") because the county's decision whether to place warning signs in proximity to a curve is a discretionary function for which the county is immune under the MTCA. The county asserts that the decision whether to place traffic warning signs before a curve is a discretionary government function within the meaning of Miss. Code Ann. § 11-46-9(d) (Supp. 1999) which states:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;

Miss. Code Ann. § 11-46-9 (d) (Supp. 1999).

¶6. In order to determine whether government employees are entitled to qualified immunity under the common law this Court has used a discretionary/ministerial test. If the conduct is a discretionary act governmental employees are entitled to qualified immunity. *Mohundro v. Alcorn County*, 675 So.2d 848, 853 (Miss. 1996). Under the test put forth in *Mohundro*, conduct is ministerial, and not discretionary, if it is imposed by law and the performance of the duty is not dependent on the employee's judgment. *Id. See also L.W. v. McComb Separate Mun. Sch. Dist.*, 97-CA-01465-SCT, 1999 WL 682076 (Miss. Sept. 2, 1999).

¶7. The county cites several cases which have characterized the placement of traffic control devices or road signs as a governmental decision: *Wall v. City of Gulfport*, 252 So.2d 891, 893 (Miss. 1971) (decision whether to replace a stop sign blown away by a hurricane a governmental function); *Nathaniel v. City of Moss Point*, 385 So.2d 599 (Miss. 1980) (decision whether to place traffic control devices at an intersection is governmental); *Webb v. County of Lincoln*, 536 So. 2d 1356, 1358-59 (Miss. 1988) (re-erecting a stop sign held to be a discretionary act). These cases were decided prior to the enactment of the MTCA. Though they are still valid precedent in determining whether an act is governmental/discretionary, they do not address the issues raised by the plaintiffs in this case, and by the language of the MTCA itself, regarding the government entity's exercise of ordinary care, upon which sovereign immunity is contingent. One post-MTCA case is cited with facts similar to the current case. In *King v. City of Jackson*, 667 So.2d 1315 (Miss. 1995), this Court held that the City of Jackson could not be held liable for failing to provide adequate warning at a dangerous curve where a vehicle left the roadway and ran into an open concrete ditch, killing one of the occupants. Because the placement of warning signs on this portion of the street was a governmental function, and because earlier decisions of this Court had declared this to be so as

a matter of public policy, the city was found to be entitled to sovereign immunity, and summary judgment in favor of the city was affirmed. *Id.* at 1316. Justice Banks wrote a dissenting opinion (joined by Sullivan, Pittman and McRae, JJ.) which criticized the majority for misconstruing the nature of the claim against the city, writing: "In short, this is not a claim about traffic devices at all. It is a claim concerning the failure to warn of a dangerous condition created and maintained by the city in the exercise of its governmental function."*Id.* at 1317. The dissenters emphasized that the presence or absence of traffic control devices was but one part of the entire allegations of negligence.

¶8. The decision whether to place traffic control devices in accordance with § 63-3-305 *is* discretionary. However, this provision must also be read in conjunction with Miss. Code Ann. § 11-46-9(1)(b) of the MTCA which requires ordinary care in the discharge of such discretionary duties. The county characterizes the decision on whether to warn motorists of the curve at issue as purely discretionary, and therefore within the ambit of Miss. Code Ann. § 11-46-9(1)(d), and argues that the trial court was therefore in error in refusing to grant summary judgment in favor of the county. However, § 11-46-9(1)(b) of the MTCA states that a government entity and its employees shall not be liable for any claim:

> (b) Arising out of any act or omission of an employee of a governmental entity **exercising ordinary care** in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid;

Miss. Code Ann. § 11-46-9(1)(b) (Supp. 1999) (emphasis added).

¶9. This Court recently considered the question of whether the failure of the Mississippi Department of Transportation (MDOT) and a county to place traffic control devices on a road is a discretionary act under the MTCA. In ***Jones v. Mississippi Dep't. of Transp.***, 744 So.2d 256 (Miss. 1999) , this Court adopted the public policy function test under the Federal Tort Claims Act as set out by the U.S. Supreme Court in ***United States v. Gaubert***, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), to determine whether governmental conduct is discretionary so as to afford the government entity immunity. Application of the public policy test requires that we determine: (1) whether the placement of traffic control devices involves an element of choice or judgment; and if so (2) whether the choice or judgment involve social, economic or political policy. *Jones*, 744 So.2d at 2602. This Court concluded in *Jones* that, although the failure to place the traffic control devices was a discretionary act, the MDOT and the county had a duty to warn motorists of a dangerous condition of which they had knowledge. Therefore, the fact that the placement of traffic control devices was found to be discretionary did not absolve the MDOT and the county in that case from using ordinary care in the exercise of their discretion. Where the state actor fails to use ordinary care there is no shield of immunity. *Id*. at 264. The position taken by this Court in *Jones* is further reinforced by the fact that § 11-46-9 of the MTCA has been further amended to include the following provision which states that a government entity and its employees shall not be liable for any claim:

> (w) Arising out of the absence, condition, malfunction or removal by third parties of any sign, signal, warning device, illumination device, guardrail or median barrier, **unless the absence, condition, malfunction or removal is not corrected by the governmental entity responsible for its maintenance within a reasonable time after actual or constructive notice**;

Miss Code Ann § 11-46-9(1)(w) (Supp. 1999) (emphasis added).

¶10. The county insists that it is immune because the placement of traffic signs is a discretionary function.

The plaintiffs concede that the placement of traffic signs is a discretionary function, but maintain that there is a genuine issue of material fact as to whether the county exercised the requisite ordinary care in the design and maintenance of the curve, and the placement or non-placement of warning signs and chevrons before the allegedly hazardous curve. The plaintiffs have offered evidence which creates an issue of fact as to whether the county had exercised the requisite ordinary care in the performance of it's discretionary duties. The plaintiffs offered an expert in the field of engineering who produced an affidavit stating that the curve should have been posted with a 40 mph sign on the curve, and that the need for such could be established by a simple drive through the curve with a ball bank indicator, something that is standard procedure in maintenance inspections. The county anticipated calling its own witnesses to testify that the road at issue complies with the relevant engineering standards and that the curve at issue could be comfortably negotiated at speeds in excess of 40 mph. The county also anticipated calling experts in the field of accident reconstruction to show that the car left the road before the curve rather than as a result of the curve. There remain genuine issues of material fact which have yet to be fully fleshed out. If the county wishes to rebut the testimony of the plaintiffs' expert it should do so under cross-examination during the course of a trial. In light of the plain language of Miss. Code Ann. § 11-46-9(1)(b) which makes qualified sovereign immunity contingent on the exercise of ordinary care, and in light of *Jones*, it cannot be said that the circuit court was in error to deny the summary judgment and to set this matter for a trial.

### 2. WHETHER LEFLORE COUNTY'S FAILURE TO PLACE WARNING SIGNS AND TRAFFIC CONTROL DEVICES ARE LEGISLATIVE OR REGULATORY FUNCTIONS FOR WHICH THE COUNTY IS IMMUNE FROM SUIT UNDER THE MISSISSIPPI TORT CLAIMS ACT.

¶11. The county further claims immunity under § 11-46-9 of the MTCA because government entities are immune from suit when they construct or improve roads in accordance with plans or designs which have been approved by a legislative body or other governmental entity with authority to grant such an approval. The county asserts that since the road in question conformed with state guidelines and was approved by the state engineer, the plaintiffs claims are barred. The plaintiffs contend that the county's reliance on state guidelines for the construction of roads is not applicable to the decision to place warning signs and that the guidelines merely provide the minimum standard of care required of the county. The plaintiffs emphasize that it is not the design and construction of the road that is at issue, but the county's failure to warn. The plaintiffs also point out that the county proffered no evidence that these guidelines were in fact complied with.

¶12. The county argues that under § 11-46-9(1)(p) of the MTCA governmental entities are immune from suit when they construct or improve roads in conformance with plans or designs that have been approved by a legislative body or other government entity with authority to give such approval:

> (1)(p) Arising out of a plan or design for construction or improvements to public property, including but not limited to, public buildings, highways, roads, streets, bridges, levees, dikes, dams, impoundments, drainage channels, diversion channels, harbors, ports, wharfs or docks, where such plan or design has been approved in advance of the construction or improvement by the legislative body or governing authority of a governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval, and where such plan or design is in conformity with engineering or design standards in effect at the time of preparation of the plan or design;

Miss. Code Ann. § 11-46-9(1)(p) (Supp. 1999).

¶13. The Leflore County engineer stated in his affidavit that Highway 515, the road at issue, is a "State Aid" road designed in 1948 pursuant to State of Mississippi guidelines in effect at that time. The county engineer also stated that should an issue arise as to whether a sign should be placed on a State Aid Road, the county requests approval from the State Aid Division to put up such a structure or sign. The county claims that because it is bound by statute not to deviate from uniform standards and specifications without the approval of the state aid engineer by Miss. Code Ann. § 65-9-11(1991), and because the design of State Aid Road 515 complied with the State Aid guidelines and was approved by the State Aid Engineer, the plaintiffs claims are barred by the MTCA.

¶14. Miss. Code Ann. § 11-46-9(1)(p) pertains to the plan, design or construction of roads. The plaintiffs do not assert claims relating to the design, plan or construction of the road at issue. Instead they are complaining about an alleged dangerous condition about which there was a failure to warn, and whether the county had exercised ordinary care. The issue of whether the county failed to indicate that the curve was dangerous takes it outside of subsection (p). It is further worthy of note that according to ***[Jones v. Panola County](), 725 So.2d 774 (Miss. 1998),*** the appropriate treatise to turn to for determining the duty owed by a governmental entity in cases such as this one is the Manual for Uniform Traffic Control Devices ("MUTCD"). *Id.* at 778. Though not conclusive as to the question of negligence the finder of fact should be allowed to consider the MUTCD provisions in determining whether the county met the minimum standard of care. The issue of whether a failure to adopt permissive conditions outlined in the MUTCD is a legitimate factual question to be considered in the context of determining whether or not the county was negligent in its failure to warn.

¶15. The county argues that should this Court determine that *Jones* does apply to the present case, the county did in fact exercise ordinary care by placing a curve sign ahead of the approaching curve. The county further argues that under Mississippi law the motorist also has a duty of care and under Miss Code Ann. § 63-3-505 (1996) has a duty to decrease speed when approaching and going around a curve. The plaintiffs do not contest the existence of such a duty. As previously stated there is a genuine issue of material fact between the parties as to whether the county did in fact exercise ordinary care. The circuit court heard these and other arguments and wanted to hear more evidence before making its finding. The county should make arguments involving contested factual issues to the circuit court rather than to this appellate court.

### 3. WHETHER LEFLORE COUNTY'S COMPLIANCE WITH MISSISSIPPI DEPARTMENT OF TRANSPORTATION GUIDELINES IN THE DESIGN AND IMPROVEMENT OF A STATE AID ROAD ENTITLES IT TO IMMUNITY UNDER THE TORT CLAIMS ACT

¶16. The county claims that the MTCA contains two other provisions that provide it with immunity, namely § 11-46-9(1)(a) which provides immunity for claims arising out of legislative, judicial or administrative action, or inaction, and § 11-46-9(1)(e) which provides immunity for claims arising out of an injury caused by adopting, or failure to adopt, a statute, ordinance or regulation. Because of these provisions the county argues that the plaintiffs cannot allege that the county was negligent in failing to enact an additional regulation on the roadway even though the county followed State Aid Guidelines.

¶17. The plaintiffs assert that the cited sections do not apply to the omissions with which they charge the county because the decision on whether or not to place warning devices in the road to fulfill the duty

imposed by § 63-3-305 is not of a judicial or legislative character so as to bring it within the purview of § 11-46-9(1) (a) or (e). The plaintiffs argue that all legislative function regarding this duty was exercised by the Mississippi Legislature when it enacted the statute requiring the county to place and maintain traffic control devices necessary to carry out the provisions of Title 63. The plaintiffs further argue that the duty imposed by Title 63 (3) is positively imposed on the county and is a mandatory statutory duty because it provides that the county "shall" maintain traffic control devices necessary to warn traffic. The plaintiffs argue that the statute should be given plain meaning thereby advancing the legislative intent behind it.

¶18. The negligence alleged by the plaintiffs is failure to warn and a lack of ordinary care. As already stated, the plaintiffs are not seeking to assert claims based on the design and improvement of the State Aid Road. The code sections cited by the county, § 11-46-9(1)(a) which provides immunity for claims arising out of legislative, judicial or administrative action, or inaction, and § 11-46-9(1)(e) which provides immunity for claims arising out of an injury caused by adopting, or failure to adopt, a statute, ordinance or regulation, are not applicable to the omissions charged.

### 4. WHETHER LEFLORE COUNTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BASED UPON THE PLAINTIFFS' FAILURE TO OFFER ANY PROOF OF PROXIMATE CAUSE CONNECTION BETWEEN THE ABSENCE OF WARNING SIGNS OR TRAFFIC CONTROL DEVICES AND THE ACCIDENT AT ISSUE.

¶19. The county contends that the plaintiffs failed to meet their burden of establishing the elements of duty, breach, proximate causation, and injury, and that the plaintiffs produced no significant or probative evidence to establish such. The county claims that it can show a complete failure of proof of proximate causation on the part of the plaintiffs which entitle it to a judgment as a matter of law. The plaintiffs argue that they provided sufficient proof of proximate cause by circumstantial evidence to make their asserted theory reasonably probable, enough to survive summary judgment and be presented to the trier of fact.

¶20. The county cites several Mississippi cases as well as statutory authority which state that a driver of an automobile has a duty of ordinary care, to observe the road ahead, to drive at a reasonable rate of speed, and to take extra precautions and reduce speed when entering curves. The plaintiffs do not take issue with the proposition that a driver has a duty to drive in a reasonable and prudent manner and to exercise ordinary care. However, the plaintiffs also contend that motorists are not required to anticipate hidden defects which can only be warned of by the entity controlling the road where the dangerous condition exists.

¶21. In order to prevail on a negligence claim the plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, proximate causation, and injury. *Lovett v. Bradford*, 676 So.2d 893, 896 (Miss. 1996). Negligence may be proven by circumstantial evidence in the absence of testimony by eye witnesses, provided the circumstances are such so as to take the case out of the realm of conjecture and place it within the field of legitimate inference. *K-Mart Corp. v. Hardy*, 735 So.2d 975, 981 (Miss. 1999). If proof of a causal connection is to be established by circumstantial evidence, it must be sufficient to make the plaintiff's asserted theory reasonably probable, not merely possible, and it is generally for the trier of fact to say whether circumstantial evidence meets this test. *Mississippi Valley Gas Co. v. Walker*, 725 So.2d 139,145 (Miss. 1998).

¶22. In this case the two plaintiffs maintain that the injuries sustained were such that they they could not remember the accident happening or the surrounding circumstances. Another potential witness died as a result of the accident. The fourth passenger in the vehicle, Douglas Chismond, sustained the least injuries. It

appears that Chismond was asleep in the back of the car at the time of the accident and cannot remember anything. Therefore in the absence of eyewitness testimony regarding what happened, or whether the driver could have heeded a warning if one had been posted, the trier of fact will have to rely on and draw inferences from circumstantial evidence. Up until this point in the proceedings the plaintiffs have offered an affidavit from Luther Cox, an expert in accident reconstruction, that asserts that the plaintiffs were not traveling in excess of 55 mph, the posted speed limit, and were traveling at a reasonable rate of speed. The plaintiffs have submitted photographs taken by Lee Neely the day after the accident, which allegedly indicate that the car left the roadway having begun negotiating the curve at issue. The plaintiffs theory is that the driver of the vehicle would have heeded a warning of the severity of the curve and would have been able to negotiate it safely had such warning been in existence. The county asserts that the existing "Curve Ahead" sign is sufficient as a matter of law, citing Miss. Code Ann. § 63-3-505 (1996) which requires drivers to reduce speed when approaching or going around a curve. The county argues that the plaintiffs theory which is supported solely by circumstantial evidence is not reasonably probable. The county also posits several possible alternative causes of the accident: falling asleep at the wheel, adjusting the radio, horseplay, distraction, inattention. The county contends that because the plaintiffs have not eliminated or explained away all of these other potential reasons the circumstantial evidence is inadequate. The county further contends that the plaintiffs have failed to offer proof that they exercised reasonable care and that their claim must therefore fail. To adopt such a rationale would mean that the plaintiffs could not utilize the aforementioned procedure for offering circumstantial evidence in support of their claim. The appropriate forum for the county to address these questions and to advance these theories is at a hearing before the trier of fact, with witnesses subject to cross-examination. The plaintiffs allege that the failure to warn of the dangerous curve was the proximate cause of the accident. Circumstantial evidence has been offered, thus far based on affidavits, which taken in the light most favorable to the plaintiffs would support a prima-facie negligence case. It is not the role of either the trial court or an appellate court to resolve genuine issues of material fact on a summary judgment motion. The circumstantial evidence offered by the plaintiffs is sufficient to create a genuine issue of material fact as to the proximate cause of the plaintiffs' injuries, and the trial court was not in error to deny summary judgment under these circumstances.

### 5. WHETHER THE PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR FAILURE TO PROVIDE LEFLORE COUNTY WITH 90 DAYS ADVANCE NOTICE OF THEIR CLAIM PRIOR TO FILING SUIT.

¶23. The county claims that it received insufficient notice of the claim made against it because the plaintiffs failed to provide notice 90 days prior to filing suit in accordance with § 11-46-11 (1) of the MTCA. The plaintiffs argue that they substantially complied with the notice provisions of the MTCA and that the county received enough notice of the claim against them. The plaintiffs further assert that by requesting a stay in the litigation to garner the benefit of a waiting period, the county has waived this issue.

¶24. The standard with respect to the notice of claim requirements of the MTCA is substantial compliance: "When the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purpose of the Act." *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237, 1240 (Miss. 1998). This principle was affirmed and refined in *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999):

> The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary where such purpose has in fact been satisfied. Thus, a notice is sufficient

if it substantially complies with the content requirements of the statute. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonable affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

*Carr*, at 263.

¶25. However, this Court is not required to address whether the plaintiffs' notice to the county was enough to constitute substantial compliance in this case because the county failed to request a stay in the proceedings to allow the time period referred to in Miss. Code Ann. § 11-46-11 to expire. Because the county never requested a stay in the litigation to attempt to avail themselves of the benefits of the waiting period it has waived this issue and it is not subject to appeal. *City of Pascagoula v. Tomlinson*, 741 So.2d 224, 229 (Miss. 1999).

## CONCLUSION

¶26. Because genuine issues of material fact remain as yet unresolved, the circuit court did not err in denying the county's motion for summary judgment and setting this matter for a hearing. The circuit court should be mindful of this Court's recent adoption in *Jones* of the public policy function test to determine whether governmental conduct should be considered discretionary, together with the broader question of whether the government entity exercised ordinary care as required by the Mississippi Tort Claims Act. We affirm the order of the Leflore County Circuit Court denying the county's motion for summary judgment.

¶27. **AFFIRMED**.

**PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. PRATHER, C.J., NOT PARTICIPATING.**