McRAE, Justice,
dissenting:
¶ 24.1 join Justice Banks’ dissent and reiterate the points raised in my dissent to King v. City of Jackson, 667 So.2d 1315 (Miss.1995), upon which the majority bases today’s decision. The majority incorrectly categorizes the City’s decision of whether a guardrail should be placed between a street and a drainage ditch as a governmental function, akin to the placement of a traffic signal, rather than as a proprietary function connected with the design, maintenance and repair of streets. Accordingly, I dissent.
¶ 25. It is well-established that the design, maintenance and repair of streets and roads is a proprietary function for which no immunity may be claimed when a negligence claim arises. White v. City of Tupelo, 462 So.2d 707, 708-09 (Miss.1984); Nathaniel v. City of Moss Point, 385 So.2d 599, 601 (Miss.1980). Thus, “[a] municipality is under the duty to exercise reasonable care to keep its streets reasonably safe for those using them with reasonable care.” City of Jackson v. Locklar, 431 So.2d 475, 479 (Miss.1983). The city must have actual or constructive knowledge of the unusually hazardous situation. Id. at 480. Our sister jurisdiction of Louisiana, I believe, has taken a sounder approach that where a situation is inherently hazardous, a parish not only has the duty to maintain and repair streets, highways and canals, but to provide warning to all travelers regardless of whether it had knowledge of the condition, stating:
A public body is held to know of the danger of an unmarked intersection, or a sharp curve, or a draw bridge, or, as in this case, a gate that raises and lowers automatically so as to block a canal used by boat operators. Likewise, the public authority must provide adequate warnings of unusual obstructions or perilous conditions so as to make the route reasonably safe for those traveling on it.... The governmental authority owes a duty to an inattentive traveler as well as to an attentive one. Molbert v. Toepfer, 550 So.2d 183 (La.1989).
Faucheaux v. Terrebonne Consol. Gov’t, 615 So.2d 289, 293 (La.1993).
¶ 26. Article 3, section 24 of the Mississippi Constitution of 1890 provides that all courts shall be open and “every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.” No distinction is made between private and public tortfeasors. The Browns, therefore, should have their day in court.
*1237 ¶ 27. Installing a guardrail between a street and a drainage ditch is part of maintaining a city street and thus is a proprietary function. Even assuming arguendo it is, as the majority, suggests, a governmental function, the City of Jackson enjoys no immunity. Pursuant to our decision in Presley, where we prospectively found that the language of Miss.Code Ann. § 11-46-3 was unconstitutional, there is a window between the date of that decision in December, 1992, and October, 1993, when the 1993 legislation became effective as to municipalities. Brown drowned in May,1993. There was no immunity shielding the City of Jackson at that time. Accordingly, I dissent.
SULLIVAN, P.J., joins this opinion.