913 So.2d 391 (2005)
Mary BARRENTINE, Individually and as Personal Representative on Behalf of Cassandra Garth, Deceased, and Alexandia Garth, Deceased, Appellant,
v.
MISSISSIPPI DEPARTMENT OF TRANSPORTATION, Appellee.
No. 2003-CA-01860-COA.
Court of Appeals of Mississippi.
April 19, 2005.
*392 Dana J. Swan, Clarksdale, attorney for appellant.
James T. Metz, Ridgeland, Michael Andrew McDonald, Jackson, attorneys for appellee.
Before LEE, P.J., MYERS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Cassandra Garth and Alexandia Garth were passengers in a van that crashed into a bridge, where Cassandra and Alexandia were killed. Mary Barrentine, the daughter of Cassandra, filed a wrongful death suit against the Mississippi Department of Transportation on behalf of Cassandra and Alexandia. She alleged a failure to warn of a dangerous condition by not erecting various warning signs. The Mississippi Department of Transportation filed a motion to dismiss or, alternatively, summary judgment. The Calhoun County Circuit Court granted summary judgment. Barrentine appeals, raising the following issue:
WHETHER A GENUINE FACTUAL ISSUE EXISTS REGARDING THE MISSISSIPPI DEPARTMENT OF TRANSPORTATION'S FAILURE TO WARN OF A DANGEROUS CONDITION
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Alison Riddle was traveling east on Mississippi Highway 8, with passengers Cassandra Garth and Alexandia Garth. Riddle lost control of the van, left skid-marks on the westbound lane, collided with the west side of the bridge, and came to rest in the middle of the bridge, partially blocking both lanes of the highway. Cassandra and Alexandia died from this accident.
¶ 4. Mary Barrentine, the daughter of Cassandra Garth, filed a complaint on behalf of Cassandra and Alexandia, in a wrongful death suit. Notice was given to the Mississippi Department of Transportation (MDOT) pursuant to the Mississippi Torts Claim Act (MTCA). Miss.Code Ann. § 11-46-9 (Rev.2002). Her complaint alleged negligence for failure to warn of an approaching narrow bridge, failure to warn of an absence of guard rails, failure to warn of lack of markings on the bridge, *393 and failure to warn of no shoulder clearance between the edge of the traveled way and the curb.
¶ 5. MDOT filed a motion to dismiss and/or for summary judgment. In support of its motion, the MDOT relied upon the affidavits of Robert W. Dean, Jr., a state traffic engineer for the State of Mississippi, and James Q. Dickerson, III, an engineer from MDOT. In his affidavit, Dean attested that the bridge in question is not classified as a narrow bridge, and there was no need to place markings on the bridge. In Dickerson's affidavit, he attested that the design and construction of the bridge was in conformity with engineering and design standards. Barrentine did not submit any affidavits or other evidence refuting MDOT's facts. The circuit court found no issue of material fact and granted MDOT's motion for summary judgment.

ANALYSIS
¶ 6. For a court to grant summary judgment, no genuine issue of material fact may exist, and the moving party must be entitled to judgment as a matter of law. M.R.C.P. 56(c).
¶ 7. When a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials of his pleadings. His response must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him. Corey v. Skelton, 834 So.2d 681, 684(¶ 7) (Miss. 2003) (citing Miller v. Meeks, 762 So.2d 302, 304 (¶ 3) (Miss.2000)) (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss. 1983)).
WHETHER A GENUINE FACTUAL ISSUE EXISTS REGARDING MDOT'S FAILURE TO WARN OF A DANGEROUS CONDITION
¶ 8. The placement or non-placement of traffic control devices or signs is a discretionary governmental function. Webb v. County of Lincoln, 536 So.2d 1356, 1359 (Miss.1988) (government not liable for failure to warn of a dead end at the end of a road); Nathaniel v. City of Moss Point, 385 So.2d 599, 601 (Miss.1980) (government not liable for failure to erect a stop sign); Wall v. City of Gulfport, 252 So.2d 891, 893 (Miss.1971) (decision of whether to replace a stop sign that was blown away by a hurricane was a governmental function and immune from liability). Discretionary governmental functions are protected by the MTCA and are immune from liability. Miss.Code Ann. § 11-46-9(1)(d) (Rev.2002).
¶ 9. In Mississippi Dep't of Transp. v. Cargile, 847 So.2d 258, 268(¶ 39) (Miss. 2003) (citing Brewer v. Burdette, 768 So.2d 920, 923(¶ 19) (Miss.2000); L.W. v. McComb Separate Mun. Sch. Dist., 754 So.2d 1136, 1142(¶ 26) (Miss.1999)), the Mississippi Supreme Court held that the government is granted immunity for discretionary acts only if ordinary care is used, and the question of whether or not ordinary care is used is a question of fact to be resolved by the jury. The Mississippi Supreme Court has held that the decision of whether to place traffic control devices is a discretionary duty, but that this provision must be read in conjunction with Miss.Code Ann. § 11-46-9(1)(b), which requires ordinary care in the discharge of such discretionary duties. Stewart ex rel. Womack v. City of Jackson, 804 So.2d 1041, 1047(¶ 12) (Miss.2002); Leflore County v. Givens, 754 So.2d 1223, 1226-27(¶ 8) (Miss.2000); Jones v. Mississippi Dep't of Transp., 744 So.2d 256, 264(¶ 23) (Miss.1999).
¶ 10. In Collins v. Tallahatchie County, 876 So.2d 284, 289(¶ 16) (Miss.2004), the Mississippi Supreme Court held that the principle that one must use ordinary care *394 in performing a discretionary function to retain immunity was an erroneous proposition. The court explained that the Brewer court impermissibly relied upon L.W. In L.W., the employees were performing a function required by statute and therefore properly analyzed the school's actions under subsection (b). L.W., 754 So.2d at 1139-43. "Subsection (b) clearly carries an ordinary care standard; subsection (d) does not." Collins, 876 So.2d at 289(¶ 16).
¶ 11. Although the factual context of Collins is different from the one in the present case, Collins has expressly rejected the proposition that discretionary duties must contain a duty of ordinary care. "[The] ordinary care standard is not applicable to Miss.Code Ann. § 11-46-9(1)(d)." Id. at 289(¶ 17). See also Dozier v. Hinds County, 354 F.Supp.2d 707 (S.D.Miss. 2005). Thus, the Mississippi Supreme Court has overruled the line of cases holding that the placement of traffic control devices should be analyzed within the context of ordinary care.
¶ 12. The decision to place traffic control signs is a discretionary governmental function. Discretionary governmental functions are immune from liability, "whether or not the discretion be abused." Miss.Code Ann. § 11-46-9(1)(d) (Rev. 2002). Because there is no issue of material fact for a jury to resolve, summary judgment was appropriate.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.