920 So.2d 516 (2006)
Walter JONES, Appellant,
v.
MISSISSIPPI TRANSPORTATION COMMISSION, Appellee.
No. 2004-CA-00890-COA.
Court of Appeals of Mississippi.
January 24, 2006.
*518 Tylvester O. Goss, Jackson, attorney for appellant.
Eugene M. Harlow, Laurel, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. This Tort Claims Act case arose from an automobile accident involving Walter Jones and Ernestine Lang on Highway 18, near Quitman, Mississippi, on March 27, 2000. Jones appeals to this Court from the Clarke County Circuit Court's judgment in favor of the Mississippi Transportation Commission. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On the night of March 27, 2000, Walter Jones and Ernestine Lang were involved in a head-on automobile accident on Highway 18 near Quitman, Mississippi. Jones claims that the accident was set into motion when Lang ran off the road onto a defective shoulder. Specifically, Jones asserts that the defective shoulder caused Lang's automobile to "hang up," resulting in Lang's losing control of her automobile and veering into Jones's lane, causing the collision. Jones sued the Mississippi Transportation Commission (MTC) under the Mississippi Tort Claims Act, asserting that MTC negligently failed to repair the allegedly defective shoulder and that it negligently failed to place and maintain traffic control devices or signs on the highway to warn of the dangerous condition. After a bench trial held on February 23 and 24, 2004, the Clarke County Circuit Court ruled in favor of MTC, finding that although the shoulder was defective, MTC did not have notice of the defect and thus had no duty to warn drivers of the dangerous condition. Furthermore, the circuit court found that the defective shoulder did not proximately cause or contribute to the accident. On appeal, Jones challenges the circuit court's finding that MTC had no notice of the dangerous condition, and that, as a result, it had no duty to warn the public of the defect. Jones also challenges the circuit court's finding that the defective shoulder was not the proximate cause of the accident.

STANDARD OF REVIEW
¶ 3. In an action under the Mississippi Tort Claims Act, the trial court sits as the finder of fact. Miss.Code Ann. § 11-46-13(1) (Rev.2005). "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence." Donaldson v. Covington County, 846 So.2d 219, 222 (¶ 11) (Miss. 2003). The findings of the trial court will not be disturbed unless the judge abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Mississippi Dep't of Transp. v. Trosclair, 851 So.2d 408, 413 (¶ 11) (Miss.Ct.App.2003).

ISSUES AND ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT MTC DID NOT HAVE NOTICE THAT A HAZARDOUS CONDITION EXISTED, AND THUS RULING THAT MTC HAD NO DUTY TO WARN MOTORISTS OF THE CONDITION.
¶ 4. Section 11-46-9 of the Mississippi Code and the corresponding case law make it clear that a governmental *519 entity is immune from claims arising from a non-obvious dangerous condition on government property, or failure to warn of the dangerous condition, absent actual or constructive notice of the dangerous condition.[1]See Miss.Code Ann. § 11-46-9(v)-(w) (Rev.2005); Barrentine v. Mississippi Dep't of Transp., 913 So.2d 391, 394 (¶ 11) (Miss.Ct.App.2005). Only when given notice of a dangerous condition does a governmental entity become duty-bound to warn or provide relief from the dangerous condition to those who use the roads. Id. In the absence of notice, a governmental entity's decision to maintain or repair roads, or to place traffic control devices or signs, is purely discretionary, and the entity will be immune from suit even upon proof of an abuse of discretion. See Miss. Code Ann. § 11-46-9(d) (Rev.2005) ("A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused"); Collins v. Tallahatchie County, 876 So.2d 284, 289-90 (¶ 17) (Miss.2004) (holding that ordinary care standard does not apply to discretionary functions); Leflore County v. Givens, 754 So.2d 1223, 1226-27 (¶ 8) (Miss.2000) (holding that placement of traffic control devices is a discretionary function), overruled on other grounds by Collins v. Tallahatchie County, 876 So.2d 284 (Miss.2004). Thus, the question of whether MTC had notice of the defective shoulder is of paramount importance to Jones's case. Simply put, if MTC had no notice of the dangerous condition, it is immune from liability.
¶ 5. The circuit judge in this case was confronted with substantial evidence that MTC had no notice of the dangerous condition. Gerald Sanders, a former Mississippi Department of Transportation (MDOT) employee who had been the maintenance superintendent for Clarke, Wayne, and Greene counties at the time of the accident, testified that on March 1, 2000, he prepared a maintenance inspection report which read, "Shoulders fair; few low around Harmony." While Sanders claimed that his report put MTC on notice that there were "some low shoulders" around the Harmony community, he admitted that nothing in his report indicated that there was an immediate need to repair the low shoulders. He stated that had there been an immediate need to repair the shoulders, he would have assigned that work to MDOT's Clarke County office. Further, Ted Robinson, another longtime MDOT employee who was the maintenance supervisor for Clarke County at the time of the accident, testified that prior to the accident in question, he received *520 no complaints regarding the condition of the shoulders. Additionally, Robinson testified that the maintenance report prepared by Sanders would not have put him on notice that there was a hazardous condition in need of immediate repair. Robinson stated that had he been notified of a dangerous condition, he would have immediately taken steps to repair that condition. Lastly, Gary Hillman, an ex-MDOT employee qualified as an expert witness in the field of roadway maintenance, testified that Sanders's report in no way notified MTC that the shoulders posed an immediate danger to the public.
¶ 6. While this testimony was sufficient for the trial court to find that MTC was not on actual notice of the existence of the defective shoulder, Jones also asserts that MTC had constructive notice of the dangerous condition. In determining whether a party is on constructive notice of such a dangerous condition, this Court must look to the following factors: (1) the length of time the defect has existed; (2) the nature or character of the defect; (3) the publicity of the place where the defect exists; (4) the amount of travel over the street; and (5) any other factors or circumstances in evidence which tend to show notoriety. City of Jackson v. Locklar, 431 So.2d 475, 480 (Miss.1983). Looking to these factors, we find that the trial court's determination that MTC was not on constructive notice of the defective shoulder is not clearly erroneous. Four witnesses testified that, at the time of the accident, the shoulder was somewhere between six and eight inches below the roadway. However, only two of these witnesses testified that the dangerous condition existed prior to the accident in question. This testimony was vague at best. Doug Griffin testified that the condition had existed for "a while," and Patricia Boney simply testified that she had noticed the dangerous condition at some indefinite time before the accident occurred. Jones produced no evidence showing that the defect was noticeable upon passing, and there was no evidence that any verbal or written complaints were filed prior to the accident. Considering all the evidence, the trial court did not err in finding that MTC was not on constructive notice of the defective shoulder.
¶ 7. Substantial evidence supports the circuit court's finding that MTC was not on notice of the defective shoulder. We are not at liberty to reverse findings supported by such substantial evidence on appeal. Young v. University of Mississippi Medical Center, 914 So.2d 1272, 1275 (¶ 10) (Miss.Ct.App.2005) (citing City of Jackson v. Perry, 764 So.2d 373, 376 (¶ 9) (Miss.2000)). As discussed above, because MTC was not on notice of the dangerous condition, it had no duty to repair or warn of the defective shoulders. Accordingly, we must affirm the ruling of the Clarke County Circuit Court. This issue is without merit.

II. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT THE DEFECTIVE SHOULDER WAS NOT THE PROXIMATE CAUSE OF THE ACCIDENT.
¶ 8. The circuit court found by a preponderance of the evidence that Lang turned to the right in an attempt to avoid an accident, but found that there was no evidence that her car "hung up" on the shoulder in such a manner as to cause her to lose control of her automobile. Thus, the circuit court ruled that the defective shoulder was not the proximate cause of the accident. Jones challenges this ruling.
¶ 9. As to this issue, there is again substantial evidence supporting the circuit court's ruling. Both Ernestine Lang and her daughter, Santina, testified that Lang never lost control of the automobile prior *521 to the accident. Moreover, testimony put forth by MTC's expert witnesses support the circuit court's finding. Both Al and Wade Gonzales, qualified as expert accident reconstructionists, testified that had Lang's front right tire and rim "hung up" on the shoulder, they would have expected to find evidence of scarring or scuffing on the tire or rim. Both testified that they found no such evidence to support Jones's assertion that Lang ran onto the shoulder prior to the accident. Furthermore, both testified that had Lang lost control of her vehicle prior to impact, there would have been yaw marks on the tires; both testified that their analysis uncovered no such markings. Both experts stated that the evidence suggested that Lang's automobile never left the highway.
¶ 10. In the face of such substantial evidence, we are obligated to uphold the findings of the circuit court. Young, 914 So.2d at 1275 (¶ 10). We affirm the circuit court's finding that the shoulder was not the proximate cause of the automobile accident. This issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.
NOTES
[1] Section 11-46-9 reads, in relevant part:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
. . .
(v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care; (w) Arising out of the absence, condition, malfunction or removal by third parties of any sign, signal, warning device, illumination device, guardrail or median barrier, unless the absence, condition, malfunction or removal is not corrected by the governmental entity responsible for its maintenance within a reasonable time after actual or constructive notice.